UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AYKSA HOWARD,

    Plaintiff,

v.                                  CASE NO.:

GOTTLIEB LLC, a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AYKSA HOWARD ("Ms. Howard" or "Plaintiff") files this Complaint against Defendant, GOTTLIEB LLC ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Duval County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her son's serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Howard worked as a Senior Specialist for Defendant from December 4, 2017, until her termination on July 15, 2019.

8. In all respects, Ms. Howard was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. Ms. Howard's son suffers from autism spectrum disorder ("ASD"), a serious medical condition as defined by the FMLA.

10. On or around March 5, 2019, Ms. Howard informed her supervisor, Candace Clark ("Ms. Clark"), of her son's serious medical condition and her need for two (2) weeks of unpaid leave to take her son to doctor appointments and care for his ongoing medical concerns.

11. Following Ms. Howard's disclosure of her son's serious medical condition to Ms. Clark, Ms. Howard also notified Ms. Clark's Supervisor, Kristine Johannesen, and the Department Supervisor, Tiffany Thompson.

12. As a result of Ms. Howard's disclosures of her son's serious medical condition and need for time off to attend to same, Defendant should have offered Ms. Howard proper guidance and notice of her FMLA rights, but Defendant failed to do so.

13. On or around March 19, 2019, Ms. Howard forwarded to Ms. Clark a schedule of her son's medical appointments related to her son's serious medical condition.

14. Again, Defendant should have offered Ms. Howard proper guidance and notice of her FMLA rights, but Defendant failed to do so.

15. Instead of using protected FMLA leave as she was not aware of same, Ms. Howard was forced to make requests for short leave to care for her son.

16. Out of fear that Ms. Howard's absences would be used against her and to avoid requesting time off, she was often forced to reach out to friends and family to help care for her son.

17. Had she known of her entitlement to FMLA protection, she would have taken appropriately planned legally protected FMLA leave to care for her child at that time.

18. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

19. On or around June 26, 2019, over three (3) months after her initial disclosure of her son's serious medical condition and need for protected FMLA leave, Defendant finally notified Ms. Howard of her FMLA rights.

20. On or around July 8, 2019, Ms. Howard submitted all required FMLA documentation in support of further requests for time away from work to attend to her son's medical needs.

21. Defendant took issue with the information provided by Ms. Howard and her son's medical provider.

22. To that end, Defendant insisted on Plaintiff providing specific times when she would need FMLA leave, predicting when Ms. Howard's son would have flare ups.

23. Ms. Howard and her son's medical provider explained to Defendant that it would be impossible to predict when Ms. Howard's son would have a flare up requiring medical attention.

24. On July 15, 2019, Defendant abruptly terminated Ms. Howard for purportedly "stealing company time."

25. Ms. Howard did not have any write ups or significant disciplinary record prior to the alleged incident of "stealing company time."

26. The timing of Plaintiff's termination (one (1) week after submitting her FMLA paperwork), along with the pretextual reason offered for her termination, demonstrates that Defendant interfered with and retaliated against Ms. Howard for attempting to exercise her FMLA rights.

27. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of what should have been FMLA leave, and for arbitrarily denying her FMLA request, Defendant's actions likewise constitute FMLA retaliation.

28. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

29. The timing of Plaintiff's use of what should have been protected FMLA leave, and her submission of FMLA documents, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

30. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of what should have been FMLA protected leave and for her FMLA request.

31. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

32. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

36. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

37. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

40. At all times relevant hereto, Plaintiff was protected by the FMLA.

41. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

42. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave and for her request for FMLA leave.

43. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

44. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of February 2020.

                                        Respectfully Submitted,

                                        By: **/s/ Noah E. Storch**
                                        Noah E. Storch, Esq.
                                        Florida Bar No. 0085476
                                        Richard Celler Legal, P.A.
                                        10368 West State Road 84, Suite 103
                                        Davie, Florida 33324
                                        Telephone: (866) 344-9243
                                        Facsimile: (954) 337-2771
                                        E-mail: noah@floridaovertimelawyer.com

                                        *Attorneys for Plaintiff*